877 So.2d 552 (2004)
Steven Marshall YOUNG, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01941-COA.
Court of Appeals of Mississippi.
July 13, 2004.
Steven Marshall Young, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Steven Marshall Young pled guilty to manslaughter. His motion for post-conviction relief was denied by the Hinds County Circuit Court. Young appeals, but we find no error and affirm.

*553 FACTS
¶ 2. In March 2000, Young pled guilty to manslaughter. He was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections with eight years suspended.
¶ 3. On June 17, 2002, Young filed a motion for post-conviction relief. He claimed that his conviction and sentence should be vacated because he had received ineffective assistance of counsel and had been coerced by police into giving a confession.
¶ 4. On August 26, 2002, the circuit court denied relief without an evidentiary hearing. The circuit court stated that after reviewing the relevant documents relating to the judgment "it plainly appears from the face of the motion, in the present case that the Petitioner, after careful deliberation is not entitled to the relief requested and the petition should be denied."
¶ 5. On October 22, 2002, Young filed an appeal of the circuit court's August 2002 order. He claimed that he had never received a formal order of dismissal from the circuit court. He further stated that he received "a plain sheet of typing paper stating no Judge's name or reason for dismissal" after he made an inquiry with the court. In response to Young's appeal, the State moved to dismiss it because Young had not complied with Rule 4 of the Mississippi Rules of Appellate Procedure. The Supreme Court denied the State's motion. Young's appeal is now before this Court.

DISCUSSION

1. Confession
¶ 6. Young claims that his confession was coerced. He claims that the police coerced him into making a confession by threatening him with a long prison term if he did not make incriminating statements against himself; by refusing his request for an attorney on three occasions; by denying him a hearing before a judge who would have advised him that he had a right to remain silent and a right to counsel; by holding him without any contact with counsel, advisor, family, and friends; and by not allowing him to make a telephone call before questioning. Within this category, Young also claims that his speedy trial rights were violated because he was held one year and four months before he pled guilty in hopes of getting relief from confinement.
¶ 7. A voluntary guilty plea waives the defendant's right to make the kinds of challenges that he now raises, including constitutional ones. King v. State, 738 So.2d 240, 241 (Miss.1999). A guilty plea creates a break in the chain of events which has preceded it in the criminal process. Battaya v. State, 861 So.2d 364, 366 (Miss.Ct.App.2003) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). Young had the opportunity to raise these issues prior to entering his guilty plea. We can provide no relief for these issues raised for the first time in this appeal.

2. Ineffective Assistance of Counsel
¶ 8. Young claims that he received ineffective assistance of counsel. Among the complaints are that counsel made no investigation, did not file certain motions, and encouraged him to plead guilty. To prove a claim of ineffective assistance of counsel, Young must show (1) a deficiency of his counsel's performance that was (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a wide area of reasonable professional assistance and it is presumed that conduct of *554 counsel was adequate. Moore v. State, 676 So.2d 244, 246 (Miss.1996).
¶ 9. Motions for post-conviction relief should contain affidavits that swear to the facts necessary for relief or assert how the claims will be proven. Miss.Code Ann. § 99-39-9(1)(d)(e) (Supp.2003). Young provided no evidence to support his claim of ineffective counsel.
¶ 10. We have no indication in the record of what occurred at the plea hearing. The order of the circuit court on post-conviction relief states that the relevant documents relating to the judgment were reviewed. A judge may dismiss "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 11. We find nothing in the record to support Young's allegations or to require that the circuit judge provide an evidentiary hearing. Accordingly, we affirm.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.