940 So.2d 972 (2006)
Stanley HILL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01367-COA.
Court of Appeals of Mississippi.
October 24, 2006.
Stanley Hill, Appellant, pro se.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. On March 31, 2003, a grand jury sitting before the Second Judicial District of the Harrison County Circuit Court returned an indictment against Stanley Hill and charged him with the murder of Detoria Andreus Butler. The State amended the indictment to reflect a manslaughter *973 charge rather than the original murder charge. On August 10, 2004, Hill filed a petition to plead guilty to manslaughter. That same day the circuit court conducted a guilty plea hearing and accepted Hill's guilty plea. Consequently, the circuit court sentenced Hill to a fifteen year sentence in the Mississippi Department of Corrections.
¶ 2. On February 28, 2005, Hill filed a motion for post-conviction collateral relief. The circuit court overruled Hill's motion for post-conviction collateral relief without conducting an evidentiary hearing. Aggrieved, Hill appeals pro se and raises the following issues, listed verbatim:
I. THE CONVICTION AND SENTENCE WAS IMPOSED IN VIOLATION OF THE CONSTITUTION OF THE UNITED STATES AND/OR CONSTITUTION AND LAWS OF MISSISSIPPI.
II. THERE EXISTS EVIDENCE OF MATERIAL FACTS, NOT PREVIOUSLY PRESENTED AND HEARD, THAT REQUIRES [SIC] A VACATION OF THE CONVICTION AND SENTENCE IN THE INTEREST OF JUSTICE WHERE THERE WAS NO FACTUAL BASIS FOR THE PLEA AND WHERE COUNSEL FAILED TO DISCLOSE FACTS THAT PETITIONER ACTED IN SELF DEFENSE.
III. PETITIONER'S PLEA OF GUILTY IS INVOLUNTARY WHERE HE WAS NOT ADVISED BY COUNSEL OR TRIAL JUDGE THAT THE CHARGE HE WAS PLEADING GUILTY TO CARRIED A MINIMUM SENTENCE OF AT LEAST ONE YEAR IN PRISON.
IV. THE AMENDMENT TO THE INDICTMENT AFTER THE PLEA OF NOT GUILTY TO MURDER WAS UNCONSTITUTIONAL.
Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. In reviewing a circuit court's decision to deny a motion for post-conviction collateral relief, our standard of review depends on the issue. We will not disturb the circuit court's factual findings unless they are clearly erroneous. Boyd v. State, 926 So.2d 233(¶ 2) (Miss.Ct.App. 2005). However, we review questions of law de novo. Id.

ANALYSIS
¶ 4. Hill failed to sufficiently brief his arguments. Hill's brief contains a table of contents. That table of contents indicates that Hill's brief contains nine sections. Hill lists those sections as follows: (a) Certificate of Interested Persons, (b) Table of Contents, (c) Table of Authorities, (d) Statement of Issues, (e) Statement of the Case, (f) Facts, (g) Summary of the Argument, (h) Argument, including four issues, and (i) Conclusion. However, the section for Hill's argument does not appear in his brief.
¶ 5. Hill only gives us a "summary of the argument." Under that heading, Hill states:
The defendant was denied due process of law by the court not introducing evidence of the victim's involvement in a gang membership. Which would have shown a propensity for violence and which would have been relevant to the issue of who was the aggressor.
The defendant truly acted in self-defense. The victim's brother, and his friends lied to the investigating officer about what happened that night. The victim was truly the aggressor that night.
to be exact, Hill's argument is insufficient because Hill did not include an argument *974 in his brief. Hill listed four issues, but he failed to elaborate on his point. All that appears is the issue heading. No argument follows.
¶ 6. For example, according to Hill's heading for issue one, his "conviction and sentence was imposed in violation of the" United States Constitution and Mississippi law. At no point in his brief does Hill elaborate. Hill never indicated how the circuit court violated the U.S. Constitution when it accepted his guilty plea. He failed to inform us of which particular portion of the U.S. Constitution or even which set of constitutional rights the circuit court violated when Hill pled guilty. The same omissions apply to what appears to be Hill's illegal sentence claim. Likewise, Hill did not indicate how either his conviction or sentence violated Mississippi law or even which Mississippi law or laws they violated. Hill's other three issues are similarly lacking. There are argument headings, but no argument follows.
¶ 7. Suffice it to say that Hill's appellate brief is inartfully drafted. Under these circumstances, we will not ignore a meritorious claim for simple inartful drafting. Gatewood v. State, 909 So.2d 754(¶ 4) (Miss.Ct.App.2005). However, the deficiencies in Hill's brief fall beyond mere inartful drafting.
¶ 8. Not only is there no argument, as required by M.R.A.P. 28(a)(6), there is likewise no citation to any authority. As mentioned, Hill cites five cases but does not cite any one case for any particular argument or proposition. An argument on appeal "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(6). While it is true that there is a table of authorities, not one of those authorities is related to any particular argument. Even if we apply what would amount to undue leniency to the applicable standards of an argument on appeal, Hill's brief, particularly the lack of any argument or authority, is simply insufficient.
¶ 9. What is more, the record is also insufficient. Hill failed to include a transcript of his guilty plea hearing among the record. This Court only acts upon matters contained in the official record and not upon assertions in briefs. Fairley v. State, 812 So.2d 259, 263(¶ 10) (Miss.Ct. App.2002). We are forbidden from considering matters that do not appear in the record. Robinson v. State, 662 So.2d 1100, 1104 (Miss.1995).
¶ 10. Finally, no sworn affidavits accompanied Hill's motion for post-conviction relief. Section 99-39-9(1)(e) of the Mississippi Code (Rev.2000) requires that Hill furnish affidavits to support his claims or show cause as to why he could not furnish them. Hill has not furnished affidavits, nor has he showed cause as to why he could not furnish them.
¶ 11. Due to Hill's insufficient brief, failure to cite authority, insufficient record, and lack of affidavits, we can find no error in the circuit court's decision to overrule Hill's motion for post-conviction collateral relief. Accordingly, we affirm.
¶ 12. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.