948 So.2d 499 (2007)
Marcia Lynn JONES a/k/a Marcia S. Jones, Appellant
v.
STATE of Mississippi, Appellee.
Marcia Lynn Jones, a/k/a Marcia S. Jones, Appellant
v.
State of Mississippi, Appellee.
Nos. 2006-CP-00654-COA, 2006-CP-00657-COA.
Court of Appeals of Mississippi.
February 6, 2007.
*501 Marcia Jones, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Marcia Lynn Jones, also known as Marcia S. Jones, pled guilty to grand larceny and uttering a forgery in the Circuit Court of Tate County. Jones was sentenced as a habitual offender to serve five years for grand larceny in the custody of the Mississippi Department of Corrections (MDOC). For uttering a forgery, Jones was sentenced to five years of post-release supervision to run consecutively to the sentence for grand larceny. Jones filed two motions for post-conviction relief; the circuit court denied the first motion and dismissed the second. Aggrieved by the court's decisions, Jones appeals. She asserts the following issues for this Court's review:
I. Whether Jones received ineffective assistance of counsel.
II. Whether Jones voluntarily entered her guilty plea to grand larceny.
III. Whether the circuit court had subject matter jurisdiction.
IV. Whether Jones is entitled to post-conviction relief because newly discovered evidence proves that her signature on the waiver of arraignment and entry of plea form was forged.
Finding no error, we affirm.

FACTS
¶ 2. On March 6, 2003, Jones was indicted as a habitual offender by a Tate County grand jury for grand larceny. The indictment specifically alleged that Jones "did wilfully, unlawfully and feloniously, take, steal and carry away the personal property of Valerie Konrad, to wit: One (1) Olympus digital camera; Two (2) disc; One RCA video cassette recorder, and one (1) tool box, of the total and aggregate value in excess of $250." The indictment further stated that Jones had previously been convicted of obtaining a controlled substance by fraud and grand larceny in the Circuit Court of Tate County, and that she had previously been convicted of two counts of felony shoplifting in the Circuit Court of DeSoto County. At the time of the March 6, 2003 indictment for grand larceny, Jones was already under indictment in the Circuit Court of Tate County for four counts of uttering a forgery.
*502 ¶ 3. On January 31, 2003, Jones signed a waiver of arraignment and entry of plea form, acknowledging that she received service of a copy of the indictment for four charges of uttering a forgery, and indicating that she was entering a plea of not guilty to the charges. On March 12, 2003, Jones signed a second waiver of arraignment and entry of plea form, acknowledging that she received service of a copy of the indictment for grand larceny, and indicating that she was entering a plea of guilty to the charge. Clay Vanderburg, Jones's court-appointed attorney, assisted her in filling out both of the waiver of arraignment and entry of plea forms.
¶ 4. On March 12, 2003, Jones pled guilty to a single count of uttering a forgery and to grand larceny as a habitual offender before the Circuit Court of Tate County. Jones was sentenced as a habitual offender to serve five years for grand larceny in the custody of the MDOC, and for uttering a forgery, Jones was sentenced to five years of post-release supervision.
¶ 5. Jones filed a motion for post-conviction relief on November 24, 2004. Jones asserted that the value of the property allegedly stolen was not sufficient to constitute grand larceny. Jones also asserted that if her attorney had conducted an investigation, then he would have discovered that the value of the property did not amount to grand larceny. Consequently, Jones argued that she received ineffective assistance of counsel. Jones also argued that her guilty plea was not voluntarily entered and that she was not informed of the maximum and minimum penalties.
¶ 6. The circuit court held that Jones failed to prove that her guilty plea was entered involuntarily. The court also determined that Jones failed to prove ineffective assistance of counsel because she testified during the guilty plea hearing that she had adequate time with her attorney, and her lawyer also stated that he had adequate time to prepare for her case. The court further determined that, regardless of whether Jones was informed of the maximum and minimum penalties during the guilty plea hearing, the petition to enter a plea of guilty, which was signed by Jones, specifically stated the maximum and minimum penalties. Regarding Jones's contention that the value of the stolen property was insufficient to constitute grand larceny, the court held that Jones waived her right to contest such issues of fact when she entered her plea of guilty. Consequently, the court found no merit in Jones's claims and denied her motion for post-conviction relief on March 18, 2005. From that denial, Jones appeals.
¶ 7. On March 7, 2006, Jones filed a second motion for post-conviction relief asserting that she was not given an initial appearance or preliminary hearing, and that newly discovered evidence shows that she did not sign a waiver of arraignment and entry of plea form. The circuit court held that Jones's motion was procedurally barred because it was successive. Notwithstanding the procedural bar, the court further determined that Jones's claims were without merit. Specifically, the court held that, once Jones was indicted, her right to an initial appearance and preliminary hearing was waived. The court further held that the new evidence asserted by Jones did not fit under the new evidence exception to the procedural bar. Consequently, on March 20, 2006, the court dismissed Jones's second motion for post-conviction relief. From this dismissal, Jones also appeals.

STANDARD OF REVIEW
¶ 8. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court's factual findings *503 unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000). However, where questions of law are raised, the applicable standard of review is de novo. Id.

ISSUES AND ANALYSIS
I. Whether Jones received ineffective assistance of counsel.
¶ 9. Citing numerous instances of alleged misconduct, Jones argues that she received ineffective assistance of counsel. She claims that her attorney failed to investigate the value of the stolen property and that he failed to interview potential witnesses. According to Jones, had her attorney conducted any investigation at all, he would have discovered that the value of the property was insufficient to constitute grand larceny. Jones also contends that she received ineffective assistance of counsel because her attorney never explained the charges to her, or the possible sentences associated with those charges.
¶ 10. The standard of review for a claim of ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To bring a successful claim for ineffective assistance of counsel, pursuant to the court's ruling in Strickland, the defendant must prove that his attorney's overall performance was deficient and that this deficiency deprived him of a fair trial. Id. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996) (citing Perkins v. State, 487 So.2d 791, 793 (Miss. 1986)). We must be mindful of the "strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 9) (Miss.Ct.App.2003).
¶ 11. Jones's allegations of ineffective assistance are contradicted by the sworn statements in her petition to enter a plea of guilty and her testimony during the guilty plea hearing. Jones acknowledged on the petition to enter a plea of guilty that her attorney was fully informed as to the facts and circumstances asserted in the indictment. She further acknowledged that her attorney advised her of the nature and elements of the charges, the possible defenses, and the maximum and minimum punishment. Jones also indicated on the petition that her lawyer was competent and that he had done all that anyone could do to counsel and assist her. During the guilty plea hearing, Jones testified that she had adequate time with her attorney and that she was satisfied with the work furnished to her by her attorney. Consequently, we find that there is nothing in the record to overcome the presumption that Jones received effective assistance of counsel. This issue is without merit.
II. Whether Jones voluntarily entered her guilty plea to grand larceny.
¶ 12. A plea of guilty is binding upon a defendant only if the defendant entered the plea voluntarily and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). A guilty plea is voluntary and intelligent only if the defendant has been advised "concerning *504 the nature of the charge against him and the consequences of the plea." Id. (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) his right to a jury trial, (2) his right to confront adverse witnesses, and (3) the right to protection against self-incrimination. Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court, the trial court must also "inquire and determine . . . that the accused understands . . . the maximum and minimum penalties provided by law."
¶ 13. Jones asserts that her guilty plea to grand larceny was not entered voluntarily and intelligently because she was "induced by fear of a greater sentence" to plead guilty even though she was not guilty. Jones further asserts that she was never informed of the minimum and maximum penalties for grand larceny. We disagree.
¶ 14. During the guilty plea hearing, Jones testified that she was pleading guilty freely and voluntarily, and that no one tricked her or made any promises that the court would be lenient in order to induce her to plead guilty. The court also explained to Jones that by pleading guilty she waived her right to a jury trial, the right to confront adverse witnesses and to call witnesses on her behalf, as well as the right against self-incrimination. Jones testified that she understood that she was waiving those rights. Furthermore, in her petition to enter a plea of guilty, Jones acknowledged that she was waiving the aforementioned rights, as well as the right to appeal to the Mississippi Supreme Court with assistance of counsel. Jones also acknowledged in the petition that she had been informed of the minimum and maximum punishment for grand larceny, and that the court could impose a sentence from zero to five years and a fine in the amount of $0 to $1,000. Therefore, this issue is without merit.
III. Whether the circuit court had subject matter jurisdiction.
¶ 15. Jones contends that the value of the stolen property was insufficient to constitute grand larceny. Jones specifically asserts that the price range for the digital camera was $219 to $448. Based on these figures, Jones further asserts that the circuit court did not have jurisdiction over a charge that amounted to petit larceny.
¶ 16. The law is well settled that when properly entered and accepted, "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Carpenter v. State, 899 So.2d 916, 920(¶ 16) (Miss.Ct. App.2005) (quoting Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989)). Entry of a guilty plea does not waive the following: (1) failure to charge a necessary element of the crime, or an essential element of a criminal offense, and (2) lack of subject matter jurisdiction. Beene v. State, 910 So.2d 1152, 1154(¶ 7) (Miss.Ct.App.2005) (citing Jefferson, 556 So.2d at 1019).
¶ 17. We are unpersuaded by Jones's challenge the circuit court's subject matter jurisdiction. Pursuant to Article VI, Section 156 of the Mississippi Constitution of 1890, circuit courts have "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court." Furthermore, under Mississippi law, circuit courts have original jurisdiction to hear cases on grand jury *505 indictment. Collins v. State, 594 So.2d 29, 32 (Miss.1992) (citing Young v. State, 140 Miss. 165, 167, 105 So. 461, 461-62 (1925)). Moreover, a criminal defendant who has entered a guilty plea cannot litigate his actual guilt on appeal from a denial of post-conviction relief, unless the defendant can show that the guilty plea was not knowingly, voluntarily, or intelligently entered. Graham v. State, 914 So.2d 1256, 1259(¶ 8) (Miss.Ct.App.2005) (citing Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). Because we find that Jones's guilty plea was entered voluntarily, we also find that she has waived the right to litigate her actual guilt on appeal. Therefore, this issue is without merit.
IV. Whether Jones is entitled to post-conviction relief because newly discovered evidence proves that her signature on the waiver of arraignment and entry of plea form was forged.
¶ 18. In her second motion for post-conviction relief, Jones asserts that she was not given an initial appearance and that newly discovered evidence shows that she never signed the waiver of arraignment form and entry of plea form. The circuit court determined that Jones's second motion for post-conviction relief was barred as a successive writ, pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2006). Citing Taylor v. State, 744 So.2d 306, 319(¶ 52) (Miss.Ct. App.1999) and Rule 6.05 of the Uniform Rules of Circuit and County Court, the circuit court further held that, notwithstanding the procedural bar, Jones's motion was wholly without merit because the right to an initial appearance and preliminary hearing is deemed waived upon indictment. We agree.
¶ 19. Mississippi Code Annotated section 99-39-23(6) (Supp.2006) provides that an order denying post-conviction relief is a final judgment, unless reversed, and that it bars a successive motion for post-conviction relief. Mississippi Code Annotated section 99-39-23(6) also provides several exceptions to this procedural bar, including "those cases in which the prisoner can demonstrate . . . that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction of sentence." Jones's newly discovered evidence consists of a report from a handwriting expert who finds "indications" that Jones did not write the signature on the waiver of arraignment and entry of plea form. We agree with the circuit court that this is not the type of new evidence contemplated by Mississippi Code Annotated section 99-39-23(6). Moreover, Jones entered a plea of guilty in open court. Therefore, this issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.