950 So.2d 259 (2007)
Deviassi ADAMS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00405-COA.
Court of Appeals of Mississippi.
February 27, 2007.
*260 Deviassi Adams, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Deviassi Adams appeals the denial of his motion for post-conviction relief by the Circuit Court of Rankin County, in which he contested his conviction of grand larceny by claiming that he entered a guilty plea involuntarily and unintelligently, asserted that the indictment against him was defective and alleged that he received ineffective assistance of counsel. The trial judge denied Adams' motion for post-conviction relief, and we affirm the trial court's decision.

DISCUSSION
I. WHETHER ADAM'S GUILTY PLEA WAS MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY?
¶ 2. A guilty plea is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is deemed "voluntary and intelligent" only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The inmate asserting involuntariness of his guilty plea bears the burden of establishing his claim. Green v. State, 802 So.2d 181, 184(¶ 19) (Miss.Ct. App.2001). To determine whether a plea is entered voluntarily, knowingly, and intelligently, a reviewing court must examine the entire record. Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). Our standard for reviewing the voluntariness of a guilty plea is well-settled: we will not set aside trial court findings unless the findings are clearly erroneous. Swindoll v. State, 859 So.2d 1063, 1065(¶ 9) (Miss.Ct. App.2003).
¶ 3. Adams argues that he entered his guilty plea involuntarily and unintelligently because his attorney failed to advise him of his right against self-incrimination, right to trial, and right to cross-examine the witnesses against him. In support of his argument, Adams claims that the judge never asked him whether he understood the charges against him. Adams further argues that his plea was unintelligent because the judge never inquired of his mother whether she wanted her son to plead guilty or go to trial.
¶ 4. Our review of the record clearly establishes that the trial judge asked of Adams several questions regarding his understanding of the nature of the charge against him, his understanding of the consequences accompanying the entering of a guilty plea, and his overall understanding of the plea process. Adams answered the judge affirmatively on each question, demonstrating *261 his knowledge and intelligence concerning his plea. As to Adams' argument regarding his mother's endorsement of the guilty plea, we note that at the time Adams entered his guilty plea, he was twenty-four years old and had completed the eleventh grade. Adams was represented by an attorney, and nothing in the record suggests that Adams' mother represented him in any capacity. The trial court owed no duty to Adams to consult his mother before accepting his guilty plea. After reviewing the record and scouring the plea hearing transcript thoroughly, we conclude that Adams has not met his burden of showing that he unintelligently, unknowingly, and involuntarily entered his guilty plea before the circuit court.
II. WHETHER THE INDICTMENT AGAINST ADAMS WAS DEFECTIVE?
¶ 5. Adams claims that he was never indicted by the grand jury. However, in his brief to this Court, Adams asserts within another part of his argument that his counsel was "ineffective for not investigating the defectiveness of the indictment," thus admitting the existence of an indictment. Adams further argues that the indictment (which he simultaneously alleges does not exist) contains conflicting dates, and argues that the discrepancies of the dates indicates that the indictment against him is forged. He points out that the indictment reflects that the grand jury convened during the January 2004 term, but did not file the indictment against him until May 2004. We find no significance in the fact that the indictment bears a grand jury term date preceding the indictment's filing date.
¶ 6. Moreover, Adams pled guilty to the charges contained within the indictment he alleges not to have existed. The entry of a guilty plea constitutes an admittance of "all elements of a guilty charge" and "operates as a waiver of all non-jurisdictional defects contained in an indictment." Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). Adams' argument concerning the defective indictment has no merit, and we dismiss this issue accordingly.
III. WHETHER ADAMS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. Adams claims that he received ineffective assistance of counsel, asserting that his attorney failed to investigate the conflicting dates of the indictment against him, did not inform him of his constitutional rights, and failed to object to the introduction of sentencing factors. Claims of ineffective assistance of counsel are reviewed by using the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, Adams has the burden of proof to show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) that the deficiency did, in fact, prejudice the defense's case so as to prevent a fair trial. Id.; Hall v. State, 735 So.2d 1124, 1127(¶ 6) (Miss.Ct.App.1999). In determining whether the first prong of Strickland concerning counsel's performance has been satisfied, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. The second prong of the Strickland test requires that Adams prove prejudice by showing that there was a reasonable probability, that but for counsel's errors, the trial court's result would have been different. Id. at 699, 104 S.Ct. 2052. Whether the prongs of this test are *262 met is determined by an examination of the totality of the circumstances. Id.
¶ 8. We have already found that the indictment against Adams was not defective. Therefore, we decline to discuss Adams' argument regarding his attorney's failure to investigate any defects therein. In further support of his argument of ineffective assistance of counsel, in a bare statement, Adams asserts that his attorney did not inform him of his constitutional rights. We are uncertain as to which constitutional rights Adams is referring, as he provides no supporting argument in his brief. Furthermore, the transcript of the plea hearing indicates that the trial judge asked Adams whether he was satisfied with the services, advice, counsel, and assistance of his attorney and Adams answered affirmatively. Adams last points this Court to his counsel's failure to object to the introduction of sentencing factors. During the hearing on the matter, the trial judge allowed a statement from a family member of the victim to be read aloud. It is undisputed that Adams' attorney did not object to this statement's introduction. However, decisions to make particular objections fall within the purview of the attorney's trial strategy and "cannot give rise to an ineffective assistance of counsel claim." Carr v. State, 873 So.2d 991, 1003(¶ 27) (Miss.2004). We find no error in Adams' attorney's decision not to object, as our supreme court has held that "the opinions of the victim's family members as to the crimes and the defendant [are] permissible victim impact testimony." Havard v. State, 928 So.2d 771, 792(¶ 37) (Miss.2006). "Victim impact evidence, if relevant, is admissible in the sentencing stage." Wilcher v. State, 697 So.2d 1087, 1104 (Miss.1997). Finally, Adams provides no evidence to this Court that he suffered harm as a result of his attorney's performance as is required under the second prong of the Strickland test; therefore, we find this assignment of error to be without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS, AND CARLTON, JJ., CONCUR.