976 So.2d 407 (2008)
Patrick JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00133-COA.
Court of Appeals of Mississippi.
March 4, 2008.
*410 Charles E. Miller, McComb, attorney for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Patrick Jones pleaded guilty to one count of simple assault on a police officer and was sentenced to serve five years in the Mississippi Department of Corrections. However, he was given credit for time served with the balance suspended in lieu of serving four years of post-release supervision. Jones violated the terms of his post-release supervision and was ordered to serve the remainder of his sentence.
¶ 2. Jones appeals the revocation of his suspended sentence, arguing: (1) that the trial court erred in revoking his post-release supervision, (2) that the original sentence was excessive and unconstitutional, and (3) that he received ineffective assistance of counsel.

FACTS AND PROCEDURAL HISTORY
¶ 3. Jones pleaded guilty on February 25, 2004, to one count of simple assault on a police officer. He was ordered to serve five years in the custody of the Mississippi Department of Corrections. However, he was given credit for time served with the balance suspended, provided he successfully complete four years of post-release supervision.
¶ 4. While serving his post-release supervision, Jones tested positive for drugs and was found to be in possession of both alcohol and drugs in violation of the terms of his supervision. At a revocation hearing, the trial court found that Jones was in violation of his post-release supervision and ordered him to serve the remainder of his five-year sentence. Jones sought post-conviction relief, which the trial court dismissed, and Jones now appeals.

STANDARD OF REVIEW
¶ 5. A trial court's finding of fact in post-conviction relief cases will not be overturned by an appellate court unless found to be clearly erroneous. Hill v. State, 940 So.2d 972, 973(¶ 3) (Miss.Ct.App. 2006) (citing Boyd v. State, 926 So.2d 233, 235(¶ 2) (Miss.Ct.App.2005)). However, questions of law are reviewed de novo. Id.

DISCUSSION
I. WHETHER JONES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 6. Jones first asserts that he received ineffective assistance of counsel in the trial court because his attorney allegedly did not address his available defenses and the issues of change of venue and probable cause. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) provides a two-part test to determine whether claims of ineffective assistance of counsel have merit. See Adams v. State, 950 So.2d 259, 261(¶ 7) (Miss.Ct.App. 2007) (applying Strickland's two-part test). In order to prove Jones's ineffective assistance of counsel claim, he must show by a preponderance of the evidence "(1) that *411 counsel's performance was deficient, and (2) but for the deficiencies, the trial court outcome would have been different." Ward v. State, 914 So.2d 332, 336(¶ 12) (Miss.Ct.App.2005) (citing Gatewood v. State, 909 So.2d 754, 756(¶ 5) (Miss.Ct.App. 2005)). Additionally, an appellate court must recognize on review that "[trial] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690, 104 S.Ct. 2052. We are to look at the totality of the circumstances when making that determination. Id. at 699, 104 S.Ct. 2052.
¶ 7. In this case, Jones has failed to meet his burden of proof on either prong of the Strickland test. Jones has produced no evidence which would show that, but for his attorney's errors, the outcome of his trial would have been different. Jones, in a bare statement, alleged ineffective assistance of counsel. Ultimately, Jones has failed to elaborate sufficiently, with supporting evidence, to overcome the strong presumption in favor of the previous trial counsel.
¶ 8. Additionally, this Court notes that Jones failed to include a sworn affidavit to support his claims of ineffective assistance of counsel or explain why it was not included with his post-conviction relief motion as required by Mississippi Code Annotated section 99-39-9(1) (Rev.2007). See Hill v. State, 940 So.2d 972, 974(¶ 10) (Miss.Ct. App.2006) (finding no error in trial court's denial of post-conviction relief motion when defendant failed to include an affidavit to support his claims of ineffective assistance of counsel and failed to provide a reason why an affidavit was not included with his motion); see also Young v. State, 877 So.2d 552, 554(¶ 9) (Miss.Ct.App.2004) (found that under Mississippi Code Annotated section 99-39-9(1)(d) and (e) (Supp. 2003), post-conviction relief motions should include either an affidavit swearing the facts needed for relief or showing how those allegations will be proven). In light of the failure to prove all these factors, we find that this issue lacks merit.
II. WHETHER THE TRIAL COURT ERRED IN ACCEPTING A GUILTY PLEA AND WHETHER JONES MAY ESTABLISH ACTUAL INNOCENCE ON APPEAL FROM DENIAL OF POST-CONVICTION RELIEF.
¶ 9. Jones argues on appeal that there was no factual basis for his guilty plea. Jones also asserts that he was actually innocent because he had a severe chemical dependency, and the trial court should have held a hearing to address the issue of his chemical dependency. "[A] criminal defendant who has entered a guilty plea cannot litigate his actual guilt on appeal from a denial of post-conviction relief, unless the defendant can show that the guilty plea was not knowingly, voluntarily, or intelligently entered." Jones v. State, 948 So.2d 499, 505(¶ 17) (Miss.Ct. App.2007) (citing Graham v. State, 914 So.2d 1256, 1259(¶ 8) (Miss.Ct.App.2005)). "In reviewing a defendant's claim that his guilty plea was not entered knowingly and voluntarily, [an appellate court] must determine if the trial court's finding was clearly erroneous." Hall v. State, 906 So.2d 34, 36(¶ 5) (Miss.Ct.App.2004) (citing Swindoll v. State, 859 So.2d 1063, 1065(¶ 9) (Miss.Ct.App.2003)).
¶ 10. Here, from a simple reading of the record, this Court notes that Jones admitted committing simple assault on a police officer, and pleaded guilty. The State argues, and we agree, that a "factual basis for a plea may be established by the admission of the defendant." Templeton v. State, 725 So.2d 764, 766(¶ 2) (Miss. *412 1998). The trial court in this case found that there was a factual basis for the entry of Jones's guilty plea and that his plea of guilty was intelligently, knowingly, understandingly, freely, and voluntarily given. Our review of the record finds that the trial court thoroughly examined Jones during the proceedings to ascertain whether he was competent to enter the guilty plea. Jones bears the burden to show that his guilty plea was not voluntarily and intelligently given. However, Jones has failed to provide any evidence indicating that his guilty plea was not voluntarily and intelligently given. Therefore, we affirm the trial court's acceptance of Jones's guilty plea.
III. WHETHER THE TRIAL COURT ERRED IN DENYING JONES AN EVIDENTIARY HEARING.
¶ 11. Jones argues that the trial court erred in denying him an evidentiary hearing on his post-conviction relief motion. The trial court did not order an evidentiary hearing when it reviewed Jones's motion for post-conviction relief. If, after a trial court's complete review of the record, the court finds that "it is clear that there is no entitlement to relief, the judge may enter an order dismissing the action." Caston v. State, 949 So.2d 852, 855(¶ 5) (Miss.Ct.App.2007) (citing Miss. Code Ann. § 99-39-11(2) (Rev.2000)). "A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit." Caston, 949 So.2d at 855(¶ 5) (citing Robertson v. State, 669 So.2d 11, 13 (Miss.1996)). The trial court found that the record clearly contradicted the allegations made in Jones's motion for post-conviction relief and that the record revealed there was no merit to his claims. Further, Jones failed to show by an affidavit, or otherwise, that there was a legitimate basis or reasonable evidence to provide him relief. Based on our review of the record, we affirm the trial court's ruling.
IV. WHETHER JONES WAS COMPETENT TO STAND TRIAL AND ENTER A GUILTY PLEA.
¶ 12. Jones argues on appeal that he was incompetent to stand trial. Jones also argues he was incompetent to enter a guilty plea because he had a pre-existing medical condition that impaired his mental ability.
¶ 13. The Mississippi Supreme Court noted in Emanuel v. State, 412 So.2d 1187, 1188 (Miss.1982), "when it appears to the trial court that there is a probability that defendant is incapable of making a rational defense, the trial court should not proceed until the defendant's mental condition has been investigated and it appears that he is sufficiently rational to make a defense." In addition, "the burden of proof . . . rests upon the movants [the defendant] to prove by substantial evidence that the defendant is mentally incompetent to stand trial." Richardson v. State, 767 So.2d 195, 203(¶ 41) (Miss.2000) (quoting Medina v. California, 505 U.S. 437, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992)).
¶ 14. Here, there was no indication that Jones's mental capabilities were at issue. The trial court found him competent to stand trial and enter a guilty plea, and Jones's counsel stated that she believed Jones was capable of understanding the court proceedings and intelligently entering his guilty plea. Jones has failed to demonstrate that he was incapable of making a rational defense. Therefore, we uphold the trial court's determination that Jones was competent to stand trial.
¶ 15. As to Jones's argument that he was incompetent to enter a guilty *413 plea, we note that there exists a "strong presumption of validity that goes with solemn declarations made in open court." Hannah v. State, 943 So.2d 20, 25(¶ 11) (Miss.2006) (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)). Therefore, "[t]he burden of proof is on the petitioner to prove that [his] plea was not voluntarily, knowingly and intelligently given." Hannah, 943 So.2d at 25(¶ 11) (citing Gardner v. State, 531 So.2d 805, 810 (Miss.1988)). Additionally, "[f]or a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." Jones v. State, 904 So.2d 1107, 1109(¶ 5) (Miss.Ct. App.2004) (citing Banana v. State, 635 So.2d 851, 854 (Miss.1994)).
¶ 16. As the State notes in its brief, and from our review of the record, the competency or mental condition of Jones was never raised at trial by Jones or by the State. The record before this Court does not indicate any inference that the guilty plea was not voluntarily and intelligently made. During questioning by the trial court, Jones answered each question raised to him. Jones testified that he was not under the influence of anything which would impair his ability to understand the hearing. He testified further that he fully understood the charges against him and that he was voluntarily and knowingly pleading guilty. The trial court also questioned Jones's attorney regarding Jones's understanding of the proceedings before the court. Jones's attorney represented that she believed Jones was capable of fully understanding the proceedings.
¶ 17. Here, there is no evidence in the record indicating that Jones was mentally incapable of pleading guilty, nor has Jones presented any new evidence or arguments that call his mental capacity at the time of pleading into question. Jones has failed to show that his guilty plea was not voluntarily and intelligently made. We find no merit in this argument and affirm the trial court's determination that Jones was competent to stand trial and to enter a guilty plea.
V. WHETHER THE TRIAL COURT ERRED IN REVOKING JONES'S POST-RELEASE SUPERVISION AND IMPOSING A SUSPENDED SENTENCE.
¶ 18. Jones argues that the trial court committed error by revoking his post-release supervision. Jones further asserts that the trial court's adjudication of guilt at trial was against the overwhelming weight of the evidence.
¶ 19. In order to revoke probation, the supreme court has held it must be shown that "the defendant `more likely than not' violated the terms of [his] probation." Forshee v. State, 853 So.2d 136, 140(¶ 20) (Miss.Ct.App.2003) (citing Younger v. State, 749 So.2d 219, 222(¶ 12) (Miss.Ct. App.1999)). James Sherman, Jones's probation officer, testified at the hearing that Jones had violated his probation on several different occasions. Sherman testified that Jones tested positive for marijuana on two separate occasions, was caught drinking alcohol, and was in possession of a single rock of cocaine, all in violation of the terms of his post-release supervision. Jones also acknowledged at the hearing that he had tested positive for marijuana. As a result of the testimony at the hearing, the trial court found that Jones had violated the conditions of his post-release supervision and revoked the suspended sentence. The trial court ordered Jones to serve the balance of his five-year sentence and to complete the therapeutic drug and alcohol program. Considering the testimony the trial court had before it, this Court cannot say that the trial court erred *414 in finding Jones violated the terms of his post-release supervision. This issue is without merit.
¶ 20. Additionally, Jones argues that his probation was revoked without benefit of notice, an attorney, and reasonable cause for arrest. However, "a probationer is not always entitled to counsel at a revocation hearing." McGaughy v. State, 954 So.2d 452, 453(¶ 4) (Miss.Ct. App.2006) (citing Riely v. State, 562 So.2d 1206, 1209 (Miss. 1990)). Counsel will generally be provided when a case is particularly difficult or complex in nature. Id. (citing Riely, 562 So.2d at 1209). Finally, "a probation revocation will be affirmed, even when the petitioner was not informed of his potential access to appointed counsel, as long as the petitioner's case is not complex or difficult to understand." McGaughy, 954 So.2d at 454(¶ 7). In this case, a reading of the record demonstrates a very straightforward case where the probationer violated the terms of his post-release supervision on multiple occasions. Thus, because the case was not complex, Jones had no entitlement to counsel at the revocation hearing.
¶ 21. We also note that the trial record shows that a notice of preliminary probation revocation hearing was received and signed by Jones on May 31, 2006. The notice related that Jones would be allowed to be present, speak, present evidence, call witnesses, and cross-examine any other witnesses. The notice also notified Jones that he had the right to retain counsel for the hearing. Further, the notice listed the alleged probation violations and the date, time, and location of the probation revocation hearing. We find that Jones's assertion that he did not receive proper notice to be unfounded. Therefore, this Court cannot say that the trial court erred in finding Jones violated the terms of his probation. This issue is without merit.
VI. WHETHER JONES'S SENTENCE IS EXCESSIVE AND UNCONSTITUTIONAL.
¶ 22. Jones contends that his sentence to serve five years in the custody of the Mississippi Department of Corrections constitutes cruel and unusual punishment and is disproportionate under the Eighth Amendment of the United States Constitution.
¶ 23. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Nichols v. State, 826 So.2d 1288, 1290(¶ 10) (Miss. 2002). "However, when a comparison threshold of the crime committed to the sentence imposed leads to an inference of gross disproportionality, a three-pronged analysis is used to see if the sentence is out of proportion with the crime." Rodriguez v. State, 839 So.2d 561, 564(¶ 11) (Miss.Ct.App.2003).
¶ 24. From our reading of the record, there is no clear inference of gross disproportionality when comparing the crime committed to the sentence Jones received. Jones received the statutory maximum of five years for his simple assault on a police officer. Ultimately, Jones has failed to make an initial showing that there was a disproportionate sentence in this case. Without meeting the threshold showing of an inference of gross disproportionality, we have no need to delve further into the analysis. We, accordingly, affirm the judgment of the trial court.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
*415 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.