# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CT-00662-SCT

*BRIAN SPEARS A/K/A GLENDRICK O'BRYAN*
*SPEARS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2004 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALLAN D. SHACKELFORD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE CIRCUIT COURT IS AFFIRMED - 11/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY

¶1.      Brian Spears (Spears) was convicted of burglary of a dwelling by a jury in the Circuit Court of Quitman County, Mississippi, and sentenced to a term of nine years in the custody of the Mississippi Department of Corrections with three years suspended and six to serve.

Spears's attorney of record filed a notice of appeal and designation of record in the trial court. On August 4, 2004, Spears's attorney of record filed an appellant's brief with this Court which provided that after a thorough review of the record no reversible error was found in the record. On October 15, 2004, Spears filed his pro se brief. The appeal was assigned by this Court to the Court of Appeals. A divided, 5-4-1, Court of Appeals reversed the trial court's conviction and sentence and remanded the case to the trial court. *Spears v. State*, 2005 Miss. App. LEXIS 735 (Miss. Ct. App. 2005). Following the Court of Appeals' ruling, the State filed its motion for rehearing which the Court of Appeals denied. The State subsequently filed a writ of certiorari with this Court.

¶2.     This Court granted certiorari to consider the issue of whether the trial court erred by allowing the State to amend the indictment.

## FACTS[1]

¶3.     On or about September 11, 2003, Spears and James Johnson broke into the home of Joyce Market, stealing a DVD player and other items. Following the burglary, the two men immediately went to the home of Spears's uncle and sold him the DVD player. Due to physical evidence Johnson left at the crime scene, the police were able to locate and arrest him. Johnson gave a statement to the police, implicating Spears in the burglary.

¶4.     Spears was indicted for attempting to break and enter the home of Joyce Market. A trial was held March 1, 2004, where Spears was convicted by a jury in the Quitman County Circuit

---

[1] The facts are taken from the Court of Appeals' majority opinion. *Spears*, 2005 Miss. Ct. App. LEXIS 735, 1-2.

2

Court of burglary of a dwelling, in violation of Miss. Code Ann. Section 97-17-23 (Rev. 2000).

## DISCUSSION

¶5.     This Court is the "ultimate expositor of the law of this state." ***UHS-Qualicare, Inc. v. Gulf Coast Community Hosp., Inc.***, 525 So. 2d 746, 754 (Miss. 1987).   Accordingly, this Court conducts de novo review regarding questions of law.  ***Id.***; *see* ***Tucker v. Hinds County***, 558 So. 2d 869, 872 (Miss. 1990).   "The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." ***Peterson v. State***, 671 So. 2d 647, 652 (Miss. 1996).

¶6.     "It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury."   ***Evans v. State***, 813 So. 2d 724, 728 (Miss. 2002) (quoting ***Mitchell v. State***, 739 So. 2d 402, 404 (Miss. Ct. App. 1999)).   "It is well settled . . . that a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." ***Miller v. State***, 740 So. 2d 858, 862 (Miss. 1999).

¶7.     Rule 7.06 of the Mississippi Uniform Rules of Circuit and County Court Practice provides what is required to be provided in an indictment.  Rule 7.06 states:

> The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.   Formal and technical words are not necessary in an indictment, if

3

the offense can be substantially described without them. An indictment shall also include the following:

1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."

The court on motion of the defendant may strike from the indictment any surplusage, including unnecessary allegations or aliases.

¶8.     Miss. Code Ann. § 97-17-23 was properly stated in the indictment. The record reveals that the indictment contained a header across the top of the document which clearly read, "Burglary of a Dwelling MCA Section 97-17-23." The indictment never made any reference to Miss. Code Ann. § 97-1-7, the statute for an attempt to commit an offense. Miss. Code Ann. § 97-17-23 provides:

> Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.

¶9.     The body of the indictment is where the scrivener's error occurred. It provided:

> BRIAN SPEARS & JAMES JOHNSON, late of Quitman County, Mississippi, on or about September 11, 2003, in the County and State aforesaid, and within the jurisdiction of this Court, individually or while aiding and abetting and/or acting in concert with each other, did then and there, unlawfully, willfully,

4

feloniously and burglariously attempt to break and enter the dwelling house of Joyce Market . . . .

However, reading the indictment as a whole, the indictment provided that Spears was indicted for burglary pursuant to Miss. Code Ann. § 97-17-23, not the attempt statute Miss. Code Ann. § 97-1-7. Accordingly, Spears was fully notified by the indictment of the nature and cause of the accusation as required pursuant to Rule 7.06 of the Mississippi Uniform Rules of Circuit and County Court Practice. In **Harrison v. State**, 722 So. 2d 681, 687 (Miss. 1998), this Court stated, "[s]o long as from a fair reading of the indictment, **taken as a whole**, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient." (quoting **Henderson v. State**, 445 So. 2d 1364, 1368 (Miss. 1984)) (emphasis added).

¶10. Here, the Court of Appeals determined that the amendment to the indictment was one of substance rather than form. The Court of Appeals stated:

> In reviewing a claim of error in the amendment of an indictment, we apply the following standard: "It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury." **Mitchell v. State**, 739 So. 2d 402, 404 (5) (Miss Ct. App. 1999). In order to determine whether an amendment is one of form or of substance, and whether a party was prejudiced by the amendment, the court must determine:
>
> > Whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence that the accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.
>
> **Hawthorne v. State**, 751 So. 2d 1090, 1094 (20) (Miss. Ct. App. 1999) (quoting **Griffin v. State**, 540 So. 2d 17, 21 (Miss. 1989)).

5

By changing the indictment from charging an attempted crime to a completed crime, Spears's defense that he had actually completed the crime was no longer available to him. Clearly, Spears suffered prejudice from this amendment.

*Spears*, 2005 Miss. App. LEXIS 735, 5-6.

¶11.    However, the dissent determined that the trial court properly allowed the amendment of the indictment and stated:

The heading of the indictment in this case contains the following explanatory language: "burglary of a dwelling, MCA section 97-17-23." The central portion of the indictment charges that "Brian Spears and James Johnson, . . . on or about September 11, 2003, . . . individually or while aiding and abetting and/or acting in concert with each other, did then and there, unlawfully, willfully, feloniously and burglariously attempt to break and enter the dwelling house of Joyce Market. . . ."

* * *

Reading the indictment contextually compels the conclusion that Spears was charged with burglary, not with an attempt to commit burglary. While the indictment does contain the phrase "attempt to break and enter," it seems reasonably clear to me that the insertion of the phrase was no doubt a scrivener's error and could be struck as mere surplusage.

The crime of attempting to commit an offense is defined in Mississippi Code Annotated section 97-1-7 (Rev. 2000). If the explanatory heading of the indictment had recited the attempt statute as the charging statute, I could readily understand the majority's finding that Spears was charged with attempting to commit burglary, but that is not the case.

Since I do not believe that Spears was ever charged with attempting to commit burglary, I do not address the majority's rationale for reversing and remanding. In my opinion, it was proper to amend the indictment to conform with the charging statute, as well as to conform with the proof. I would affirm Spears's conviction.

*Spears*, 2005 Miss. Ct. App. LEXIS 735, 7-9.

¶12. This Court accepted this case on certiorari to review the Court of Appeals' decision. We find the amendment here to be one of form instead of substance, however, we do so with cautionary language. Here, the indictment was clearly styled and specifically stated, "Burglary of a Dwelling MCA Section 97-17-23." The attempt statute, Miss. Code Ann. § 97-1-7, was never referenced in the indictment. It is also important that the State never cited the attempt statute in the indictment, and at trial the State did not present any evidence regarding attempt. The indictment's reference to attempt was merely a scrivener's error.

¶13. Had the indictment instead stated "Attempted Burglary MCA Section 97-1-7" or failed to provide "Burglary of a Dwelling MCA Section 97-17-23," then unquestionably the amendment would have been one of substance rather than form, and this Court would have been compelled to reverse the trial court's conviction and sentence and remand this case. However, as previously stated, this indictment was styled and read "Burglary of a Dwelling MCA Section 97-17-23."

**CONCLUSION**

¶14. For these reasons, the judgment of the Court of Appeals is reversed, and the judgment of the Circuit Court of Quitman County, Mississippi, is affirmed.

¶15. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE NINE (9) YEARS, WITH SIX (6) YEARS TO SERVE AND THE LAST THREE (3) YEARS SUSPENDED, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.**

7

**DIAZ, JUSTICE, DISSENTING:**

¶16.    Because I agree with the Court of Appeals that the trial court erred in allowing the State to amend the substance of the indictment, I respectfully dissent.

¶17.    The test for impermissible amendments is whether the amendment will (1) materially alter the essential facts of the offense, or (2) materially alter a defense that the defendant had under the original indictment so as to prejudice the defendant's case. *Griffin v. State*, 584 So. 2d 1274, 1275-76 (Miss. 1991). Not only did the amendment deprive Mr. Spears of a defense, but it also materially altered the essential facts of the offense. As the Court of Appeals noted, "[t]he failure to commit the target crime is *an essential element of an attempt*." *Spears* at ¶ 9 (citing *Bucklew v. State*, 206 So. 2d 200 (Miss. 1968) (emphasis supplied)). Therefore, changing the indictment from attempted burglary to actual burglary simply cannot be deemed "mere surplusage."

¶18.    Moreover, citation to the burglary statute does not cure the problem. This Court has held that where the language of the indictment tracks one statute but cites to another statute, the language is controlling. "[I]t is not ordinarily necessary to designate the statute under which an indictment is drawn, and an indictment which properly charges the commission of a crime, in the language of the statute, or in words aptly describing or charging the offense, is sufficient." *Pearson v. State*, 248 Miss. 353, 358-59, 158 So. 2d 710, 712 (1963). "[R]eference to the code section in the indictment was surplusage and unnecessary to the charge of the crime for which appellant was tried." *Cowan v. State*, 399 So. 2d 1346, 1351 (Miss. 1981) (quoting

8

***Dendy v. State***, 224 Miss. 208, 79 So. 2d 827 (1955)). *See also **Moore v. State***, 264 So. 2d 414, 415 (Miss. 1972); ***Alston v. State***, 258 So. 2d 436, 437 (Miss. 1972); ***Westmoreland v. State***, 246 So. 2d 487, 492 (Miss. 1971).

¶19.    In this case, the grand jury returned an indictment against   for *attempting* to commit burglary.    It was reversible error for the trial judge and prosecutor to amend the indictment during trial to change the charge to one separate and distinct from the charge returned by the grand jury.    This violation of Spears's constitutionally guaranteed right cannot stand.    Art. 3, sec. 27 of the Mississippi Constitution requires an indictment before the prosecution for felonies.

> This provision has been in each of the constitutions which the people of the State of Mississippi have established. It is very clear that, from the beginning, the people of Mississippi have ordained that they not be prosecuted for felonies except upon the indictment by a grand jury. It has been the law since 1858 that the court has no power to amend an indictment as to the matter of substance without the concurrence of the grand jury by whom it was found, although amendments as to mere informalities may be made by the court.

***Rhymes v. State***, 638 So. 2d 1270, 1275-76 (Miss. 1994) (internal citations omitted).

¶20.    Because the majority ignores the basic tenets of our Constitution, I would reverse and remand.

    **GRAVES, J., JOINS THIS OPINION.**