949 So.2d 852 (2007)
Clenard CASTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01398-COA.
Court of Appeals of Mississippi.
February 13, 2007.
*854 Clenard Caston, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
MYERS, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On August 21, 2002, in the Pike County Circuit Court, Clenard Caston entered a guilty plea to one count of vehicular homicide (count one) and two counts of aggravated assault (counts two and three). Caston was sentenced to serve a term of twenty-five years on the vehicular homicide count and twenty years on each of the two aggravated assault counts. The sentences in all three counts were ordered to run consecutively. The trial court ordered Caston into the custody of the Mississippi Department of Corrections to serve twelve and one-half years on count one and ten years on each of counts two and three, with the remaining twelve and one-half years on count one and ten years on each of counts two and three to be served under post-release supervision. Caston was also ordered to complete an alcohol and drug rehabilitation program and to pay a $5,000 fine, restitution, attorneys' fees and court costs.
¶ 2. Caston filed a motion for post-conviction relief, seeking to have his judgment and sentence vacated; however, the trial court denied Caston's motion. Aggrieved, Caston now appeals to this Court arguing that the circuit court erred in denying his motion for post-conviction relief. On appeal, Caston raises the following issues:
I. NECESSITY OF AN EVIDENTIARY HEARING
II. DEFECTIVE INDICTMENT
III. INEFFECTIVE ASSISTANCE OF COUNSEL
IV. INVOLUNTARY PLEA
¶ 3. Finding no error, we affirm the denial of Caston's petition for post-conviction relief.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous; however, questions of law are reviewed de novo. Buck v. State, 838 So.2d 256, 258(¶ 6) (Miss.2003). Under article 3, section 27 of the Mississippi Constitution and pursuant to Mississippi Code Annotated section 99-7-1 (Rev. 2006), the circuit court obtains subject matter jurisdiction over a criminal offense when the defendant is served with an indictment issued by the grand jury. When an indictment is challenged as defective, the jurisdiction of the circuit court to hear the matter and impose a sentence is called into question. The decision of whether a circuit court had proper jurisdiction to hear a particular matter is a question of law and is, therefore, reviewed de novo. Jensen v. State, 798 So.2d 383, 385(¶ 6) (Miss.2001).

DISCUSSION
I. NECESSITY OF AN EVIDENTIARY HEARING
¶ 5. Caston asserts that the circuit court erred in denying his motion to vacate the judgment and sentence without first holding an evidentiary hearing on the issues of (1) defective indictment, (2) ineffective *855 assistance of counsel, and (3) involuntary plea. In order to have obtained the right to an evidentiary hearing on the merits of his defective indictment, ineffective assistance of counsel, and involuntary plea claims, Caston was required to establish a prima facie case of each allegation in his motion to the circuit court. Robertson v. State, 669 So.2d 11, 13 (Miss.1996). When a motion for post-conviction relief is filed, the trial judge is obligated to review the motion, all files, records, transcripts, and correspondence relating to the judgment. Miss.Code Ann. § 99-39-11(1) (Rev.2000); Cole v. State, 608 So.2d 1313, 1325 (Miss. 1992). If upon such review it is clear that there is no entitlement to relief, the judge may enter an order dismissing the action. Miss.Code Ann. § 99-39-11(2) (Rev.2000); Cole, 608 So.2d at 1324. "We adhere to the principle that a post-conviction relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Robertson, 669 So.2d at 13 (quoting Harveston v. State, 597 So.2d 641, 643 (Miss.1992)). A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit. Id. (citing Sanders v. State, 440 So.2d 278, 284 (Miss.1983)). Therefore, our review of the circuit court's decision to deny Caston's motion to vacate the judgment and sentence without first holding an evidentiary hearing is dependent upon whether Caston supported his various claims with a prima facie case, made upon the face of his petition, or whether the court correctly determined that Caston had produced no set of facts in support of his claim that would entitle him to relief.
II. DEFECTIVE INDICTMENT
¶ 6. Caston argues that the prosecutor's failure to include the word "serious" as a modifier for the phrase "bodily injury," denied him actual notice of whether he was being charged with the felony crime of aggravated assault under Mississippi Code section 97-3-7(2) or the misdemeanor crime of simple assault under Mississippi Code section 97-3-7(1) (Rev.2006).[1] Caston argues that the indictment's ambiguity prevented him from being fully apprised of the charges he was facing, and more precisely, the minimum and maximum penalties that the charges carried, when he entered his guilty plea.
¶ 7 The crux of this case is centered around Caston's argument that the prosecutor's failure to include, in counts two and three of the indictment, the word "serious" as a modifier for the phrase "bodily injury" constitutes a failure to charge a crime under subsection (a) of the aggravated assault statute, Mississippi Code Annotated section 97-3-7(2) (Rev.2006).[2] In support of his position, Caston cites Hawthorne v. State, 751 So.2d 1090, 1094(¶ 19) (Miss.Ct. App.1999), for the proposition that the absence of the word "serious" from the phrase "serious bodily injury" in the aggravated assault count results in the omission of an essential element of the offense and renders the indictment fatally defective. *856 The Hawthorne decision relied heavily on Peterson v. State, 671 So.2d 647, 653 (Miss.1996), in which a five-to-four majority of our supreme court held that an indictment must set forth every essential element of an offense with precision and certainty or every fact which is an element of a prima facie case of guilt.
¶ 8. Justice Pittman, joined by Justices Roberts, Smith, and Mills, penned a fervent dissent to the Peterson majority holding in which he exposed the majority's reliance on cases which were decided prior to the 1979 enactment of the Uniform Rules of Circuit Court, now the Uniform Rules of Circuit and County Court. Peterson, 671 So.2d at 660 (Pittman, J. dissenting) (quoting Harden v. State, 465 So.2d 321, 324 (Miss.1985)); See Love v. State, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951). The majority of this Court is in agreement with Justice Pittman's dissent that the Peterson majority applied in error the strict standard of review under which the sufficiency of indictments were analyzed prior to the enactment of the Rules. Justice Pittman's dissent went on to reiterate our supreme court's holding in Harden, that since the adoption of the Rules "all questions regarding the sufficiency of indictments have been determined by reference to Rule 2.05," now URCCC 7.06.
¶ 9. Under the Rules, the standard under which the sufficiency of an indictment is analyzed is decidedly less stringent. The post-rules standard requires only that the indictment include the seven enumerated items of Rule 7.06 and provide the defendant with actual notice of the crime charged so that "from a fair reading of the indictment taken as a whole the nature of the charges against the accused are clear." Id. at 661 (quoting Henderson v. State, 445 So.2d 1364, 1368 (Miss.1984)). The Rule makes clear that "[f]ormal and technical words are not necessary . . . if the offense can be substantially described without them." Wilson v. State, 815 So.2d 439, 443(¶ 10) (Miss.Ct. App.2002). This post-rules standard for determining the sufficiency of indictments has, with the exception of the holdings of Peterson and Hawthorne, been repeatedly followed by our supreme court, most recently in Spears v. State, 942 So.2d 772, 774(¶ 9) (Miss.2006), and by this Court, most recently in Wilson, 815 So.2d at 443(¶ 10) (citing Harbin v. State, 478 So.2d 796, 799 (Miss.1985)).
¶ 10. Although the law may have differed in former days, it is clear that our starting point today for determining the validity of an indictment is Rule 7.06 of the Uniform Rules of Circuit and County Court. See Harbin, 478 So.2d at 798-99. Rule 7.06 provides as follows:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

*857 6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."
The court on motion of the defendant may strike from the indictment any surplusage, including unnecessary allegations or aliases.
[Adopted effective May 1, 1995; amended August 26, 1999.]
URCCC 7.06.
¶ 11. The indictment against Caston, quoted verbatim, reads as follows:
 STATE OF MISSISSIPPI
 VERSUS
 CLENARD CASTON
 CAUSE NUMBER 02-070-KB
 INDICTMENT FOR THE OFFENSE
 OF VEHICULAR HOMICIDE AND
 AGGRAVATED ASSAULT (TWO
 COUNTS)
THE STATE OF MISSISSIPPI, FOURTEENTH JUDICIAL DISTRICT COUNTY OF PIKE
IN THE CIRCUIT COURT OF SAID COUNTY, JANUARY TERM, 2002
The Grand Jurors of the State of Mississippi, taken from the body of good and lawful citizens of said county, elected, summoned, empaneled, sworn and charged to inquire in and for the body of the county aforesaid, at the term aforesaid of the court aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present that Clenard Caston, late of county aforesaid, on or about the 3rd day of February, 2002, in Pike County, Mississippi, and within the jurisdiction of this court, did unlawfully and feloniously, while operating a motor vehicle in a negligent manner, cause death of James R. Howell, a human being, at a time when he, the said Clenard Caston, was operating his vehicle under the influence of a drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substance Law, contrary to and in violation of Section 63-11-30(1)(d) and 63-11-30(5) of the Mississippi Code of 1972, this being count one of the indictment;
COUNT TWO
and that on or about the 3rd day of February, 2002, in Pike County, Mississippi, and within the jurisdiction of this court, the said Clenard Caston did wilfully, unlawfully and recklessly under circumstances manifesting extreme indifference to the value of human life, cause bodily injury to James Ross Howell, Jr., contrary to and in violation of Section 97-3-7(2)(a) of the Mississippi Code of 1972, this being count two of the indictment;
COUNT THREE
and that on or about the 3rd day of February, 2002, in Pike County, Mississippi, and within the jurisdiction of this court, the said Clenard Caston did wilfully, unlawfully and recklessly under circumstances manifesting extreme indifference to the value of human life, cause bodily injury to Matthew Howell, contrary to and in violation of Section 97-3-7(2)(a) of the Mississippi Code of 1972, this being count three of the indictment; all of said conduct alleged and set fourth in counts one, two, and three of this indictment having been then and there been based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, and against the peace and dignity of the State of Mississippi. *858 
 Endorsed: A True Bill
 [Signature of the Foreperson]
 FOREPERSON OF THE GRAND
 JURY
 [Signature of the ADA]
 ASSISTANT DISTRICT ATTORNEY
(emphasis added).
¶ 12. When the indictment against Caston is reviewed under our post-rules standard, it is clear that the indictment is legally sufficient. Each of the enumerated items of Rule 7.06 can be found within the indictment as well as a plain and concise statement of the facts notifying Caston that he is being charged with one count of vehicular homicide and two counts of aggravated assault arising out of his unlawful and felonious, negligent and reckless, operation of a motor vehicle under the influence of a controlled substance, on or about February 3, 2002.
¶ 13. First, the caption at the top of the indictment reads: "INDICTMENT FOR THE OFFENSE OF VEHICULAR HOMICIDE AND AGGRAVATED ASSAULT (TWO COUNTS)." As our supreme court has previously held, "[a]ggravated assault has an easily ascertainable statutory definition;" therefore, the caption provided Caston with reasonable notice of the charges he was facing. Harbin, 478 So.2d at 798 (citing Jones v. State, 461 So.2d 686, 692-94 (Miss.1984)). Second, counts two and three contain the language "under circumstances manifesting extreme indifference to the value of human life." This language is found only within the aggravated assault statute, Mississippi Code section 97-3-7(2), and is not contained within the simple assault statute, Mississippi Code section 97-3-7(1). Third and most importantly, counts two and three specifically charge Caston under Mississippi Code section 97-3-7(2)(a), a specific subsection of the code outlining the crime of aggravated assault. In Roberson v. State, 595 So.2d 1310, 1318 (Miss. 1992), our supreme court found that an indictment which had been amended to include the specific subsection under which the accused was being charged sufficiently provided actual notice of that crime. Here, as in the case of Roberson, the inclusion of the specific subsection under which the accused was being charged provided actual notice to the defendant sufficient to satisfy the post-rules standard. Finally, the indictment does not reference the misdemeanor charge of simple assault by title or citation to the code, and there is simply no support for Caston's argument that when he entered his guilty plea, he had no way of knowing whether he was being charged with felony aggravated assault or misdemeanor simple assault.
¶ 14. Based upon our review of the indictment, we find the requirements of Rule 7.06 to have been met, and that Caston was, at a minimum, given fair notice of the crimes with which he was charged. Accordingly, the indictment is sufficient under our post-rules Henderson precedent. This Court's pivotal consideration when considering the validity of an indictment on appeal, "is whether the defendant was prejudiced in the preparation of his defense." Wilson, 815 So.2d at 443(¶ 11) (quoting Gray v. State, 728 So.2d 36 (¶ 171) (Miss.1998)). We do not find that, in this case, the failure to include the word "serious" prejudiced Caston's defense in any way. Caston was represented by competent counsel and entered a plea of guilty to the crimes of vehicular homicide and two counts of aggravated assault. According to the written judgment of the circuit court, Caston, at his plea hearing, stated under oath that he understood the charges against him, that he had been advised as to the minimum and maximum penalties carried by the charges, and that he was entering the plea voluntarily because he was *859 guilty and for no other reason. Here, there is no doubt that Caston understood the charges against him and what he was expected to defend. He voluntarily chose to plead guilty to the charges against him, and only after receiving an unsatisfactory sentence does he now seek to challenge the sufficiency of the indictment. We are unpersuaded by Caston's argument, and find this issue is without merit.
III. INEFFECTIVE ASSISTANCE OF COUNSEL
IV. INVOLUNTARY PLEA
¶ 15. Caston claims that his counsel provided erroneous advice rising to the level of ineffective assistance of counsel, when his attorney advised him to accept a guilty plea under an indictment which failed to include the word "serious" as a modifier for the phrase bodily injury. He argues that the defective indictment, combined with the erroneous advice of his counsel, rendered his plea involuntary. The validity of these claims are wholly dependent upon a finding by this Court that the indictment against Caston was defective. Since we have already determined that the indictment against Caston was in no way defective, we find both issues raised by Caston meritless.

CONCLUSION
¶ 16. We hold that the circuit judge acted well within his discretion when he dismissed Caston's claim for post-conviction collateral relief, without the benefit of an evidentiary hearing, where it was clear upon the face of the motion that Caston's claims were manifestly without merit. The indictment against Caston was sufficient under Rule 7.06 of the Uniform Rules of Circuit and County Court, his counsel was not deficient, and his plea was voluntary. The judgment of the circuit court is, therefore, affirmed.
¶ 17. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
CHANDLER, BARNES, ISHEE AND CARLTON, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY. ROBERTS, J., CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS AND BARNES, JJ. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY KING, C.J. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
ROBERTS, J., concurring:
¶ 18. While I agree with the majority, I feel it necessary to write separately to express my opinion why Caston waived any technical deficiency of the language in the indictment by not objecting prior to acceptance of his guilty plea.
¶ 19. A review of the record and applicable law evinces that Caston's indictment was well within the requirements of Rule 7.06 of the Uniform Rules of Circuit and County Court and in line with the most recent decisions of this Court and the supreme court on the matter. However, I argue that not only was Caston's indictment entirely sufficient, but that he waived his right to challenge its sufficiency by failing to object before he entered his guilty plea. The supreme court has held that challenges to the substantive sufficiency of an indictment are not waivable, and may be first raised at anytime, including on appeal. Hodges v. State, 912 So.2d 730(¶ 96) (Miss.2005). Furthermore, the supreme court has held "in order for an indictment to be sufficient, it must contain the essential elements of the crime *860 charged." Peterson v. State, 671 So.2d 647, 652-53 (Miss.1996). However, this practice, especially in the case of a knowingly and intelligently made guilty plea to an indictment that fully notifies the defendant of the nature and cause of the accusation against him, deserves review.
¶ 20. "Whatever may have been the law in former days, our starting point today for consideration of a question such as this, [whether an indictment is substantively insufficient] is Rule 2.05, Uniform Criminal Rules of Circuit Court Practice [now 7.06]." Harbin v. State, 478 So.2d 796, 798 (Miss.1985). This sentiment was recently echoed in Spears v. State, 942 So.2d 772(¶ 6) (Miss.2006). In Spears, the supreme court reversed an opinion of this Court with regard to the classification of an amendment to an indictment. Spears, 942 So.2d at (¶ 14). Spears was indicted for burglariously attempting to break and enter a dwelling house, but during the trial the State moved to amend the indictment to change the language from "attempt to break and enter" to "break and enter." Spears v. State, 942 So.2d 812(¶ 4) (Miss Ct.App.2005), rev'd, 942 So.2d 772 (Miss. 2006). On appeal to this Court, Spears argued that by allowing the amendment he was prejudiced as his defense was that he was innocent of the crime charged, attempted breaking and entering, because he actually completed the underlying crime. Id. at (¶ 8). We reasoned that by allowing the amendment the State was permitted to make a substantive change to the indictment by changing the crime under which Spears was indicted which denied him a defense under the original indicted crime of attempt. Id. at (¶¶ 7-9). In reversing this Court, the supreme court stated that Rule 7.06 "provides what is required to be provided in an indictment" and reading Spears's indictment as a whole it was apparent that he was "fully notified by the indictment of the nature and cause of the accusation as required pursuant to Rule 7.06. . . ." Spears, 942 So.2d at (¶¶ 7, 9). While a small majority of the supreme court has rejected the notion that compliance with Rule 7.06 does not require a listing of all essential elements within an indictment, see Peterson, 671 So.2d at 653, a plain reading of the rule indicates otherwise. However, in consideration of the appropriate standard when judging the sufficiency of an indictment, the Peterson court stated,
the appropriate inquiry has not changed, rather it remains whether the indictment alleges the essential elements of the crime for which the defendant is charged by containing "a plain, concise and definite written statement of the essential facts constituting the offense charged and . . . fully (notifying) the defendant of the nature and cause of the accusation against him."
Id. at 654 (quoting Hines v. State, 472 so 2d. 386, 390 (Miss.1985)). This statement is more in line with the requirements of Rule 7.06 as the rule does not require, explicitly or implicitly, a specific listing of the statutory elements of the specific crime charged. All that is necessary, in addition to the seven enumerated requirements, is "a plain, concise and definite written statement of the essential facts constituting the offense charged [that] . . . shall fully notify the defendant of the nature and cause of the accusation." URCCC 7.06 (emphasis added). As such, the word "serious" should not be viewed as a lack of substantive sufficiency in Caston's indictment, but rather a "formal or technical word[] . . . not necessary in an indictment" and without which Caston's alleged crime could still be "substantially described." Id. Therefore, as the lack of the word "serious" in Caston's indictment is not required by any reasonable reading of Rule 7.06, such a defect is not substantive, *861 and, as such, Caston waived his right to challenge the sufficiency of his indictment on appeal by failing to object at the trial level. This is particularly so, and on point with Spears, when the indictment contained in its heading in all capital letters "AGGRAVATED ASSAULT (TWO COUNTS)"; the words "in violation of Section 97-3-7(2)(a)"  the aggravated assault statute, and language found only in the aggravated assault statute  "recklessly under circumstances manifesting extreme indifference to the value of human life."
¶ 21. The changes to our state's constitution over the last two centuries also show a growing intention to allow prosecution without indictment under certain circumstances. With the enactment of the Mississippi Constitution of 1817 what was then article 1, section 12 read as follows, "No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military, when in actual service, or by leave of the court for misdemeanor in office." Miss. Const. art. 1, § 12 (1817). As times changed, this language was amended to read,
No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the militia, when in actual service, or by leave of the Court, for misdemeanor in office; Provided, That the Legislature, in cases of petit larceny, assaults, assault and battery, affray, riot, unlawful assembly, drunkenness, vagrancy, and other misdemeanors of like character, may dispense with an inquest of a Grand Jury, and may authorize prosecutions before Justices of the Peace, or such other inferior Court or Courts as may be established by the Legislature; and the proceedings in such cases shall be regulated by law.
Miss. Const. art. 1, § 31 (1868). The language and placement of this section was again changed to read,
No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military, when in actual service, or by leave of the court for misdemeanor in office; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justices of the peace, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.
Miss. Const. art. 3, § 27 (1942). Finally, effective December 22, 1978, the people spoke and altered section 27 to read "No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment. . . ." Miss. Const. art. 3, § 27 (Rev.2005) (emphasis added). It seems quite logical to me that if an indictment may be waived in its entirety by a defendant, a defendant's right to challenge a defect in an indictment of a type not specifically required by Rule 7.06 is also waived. Furthermore, the requirement in common law that a legally sufficient indictment contain every "essential element" of the felony predates the 1977 amendment. See Watson v. State, 291 So.2d 741, 743 (Miss.1974); Everett v. State, 248 So.2d 439, 441 (Miss.1971); Love v. State, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951); May v. State, 209 Miss. 579, 584, 47 So.2d 887 (1950). What may have been the law prior to the 1977 amendment and adoption *862 of Rule 7.06 is, quite simply, not the law today. The consequences of deciding otherwise are quite profound. For instance, if no waiver applies the trial judge has the affirmative solemn duty in every felony plea or felony trial, without prompting by either the State or defense counsel, to meticulously review the language in the indictment, many of which may be several pages in length and contain multiple counts, for the lack of a single word that the appellate courts of this state have deemed vital as an "essential element." I submit the supreme court got it right when it said, "[T]he ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense." Medina v. State, 688 So.2d 727, 730 (Miss.1996). In situations such as Caston's, it cannot, with a straight face, be legitimately argued that the lack of the word "serious" in his indictment prejudiced his ability to prepare a defense.
¶ 22. That the absence of "serious" from an indictment should not be an unwaivable defect is especially so under the case sub judice as Caston arguably[3] knowingly and intelligently pled guilty. At every plea hearing the defendant is questioned regarding his understanding of the charges against him, the elements of the criminal offense he is pleading to, the underlying facts justifying acceptance of the plea as well as advised of the consequences of such a plea. Almost without exception, each defendant has already received discovery from the State and generally knows what evidence supporting conviction the State has against him. To say, after the defendant had been so questioned and advised, that he may then challenge his conviction, without properly preserving such a challenge at the trial court, based upon the lack of a single, technical term in the charging instrument is, in my humble opinion, quite ridiculous. It is a `gotcha game' in which appellate courts should not participate.
¶ 23. Taken to its extreme, a conniving defense attorney, no doubt with his client's best interests at heart, may notice a defect in an indictment such as the failure to contain the word "serious" but refrain from objecting. Hoping for an acquittal but after his client is found guilty by a jury and the trial court denies his motion for a new trial, the defendant can then raise, for the first time on appeal, that his indictment is fatally defective. Since jeopardy attaches in a jury trial once the jury has been empaneled and sworn in, see Wheeler v. State, 826 So.2d 731 (¶ 26) (Miss.2002), the defendant, who voiced no objection to the sufficiency of his indictment to the trial court and was found guilty by the jury, will be discharged.
¶ 24. As long as the indictment can be seen as objectively providing the defendant full notice of the nature and cause of the accusation against him with sufficient facts stating the offense, waiver should follow. As stated by Justice Pittman, "This Court should realistically deal with real problems, not create technical questions to peruse. We should note the obvious and not play `I gotcha games' with the trial court." Peterson, 671 So.2d at 661 (Pittman, J., dissenting, joined by Roberts, Smith and Mills, JJ.).
¶ 25. The dissent authored by Judge Lee argues that we are bound by the precedent established in Hawthorne v. State, 751 So.2d 1090 (Miss.Ct.App.1999). While the doctrine of stare decisis is of the utmost importance to the efficiency and integrity of the judicial system, our conclusions *863 of law cannot be immune from review. We, as an appellate court, must be willing to examine our historical jurisprudence for those rules of law that have changed with the times, that no longer makes sense or were wrongly decided. As indicated in the majority's analysis of those cases relied on in Hawthorne, our decision in that case that the trial judge erred by allowing an amendment to the indictment to include the word "serious" is but one example. As such, and in complete agreement with the majority, I must concur.
GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.
LEE, P.J., dissenting:
¶ 26. With respect to the majority, I must dissent. The law is clear that upon entering a guilty plea two matters are not waived for appellate purposes: (1) failure to charge a necessary element of the crime and (2) lack of subject matter jurisdiction. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). In Hawthorne v. State, 751 So.2d 1090, 1094 (¶ 19) (Miss.Ct.App.1999), this Court found that the absence of the word "serious" from the indictment omitted an essential element of aggravated assault. I did not participate in the Hawthorne decision; however, had I done so, I would have joined the dissent. Regardless, Hawthorne is now the law.
¶ 27. Notwithstanding, the majority and concurring opinion would have us disregard Hawthorne and focus instead on Uniform Circuit and County Court Rule 7.06 which states that "formal and technical words are not necessary in an indictment, if the offense can be substantially described without them." The concurring opinion also cites to Hawthorne as a correct statement of the law but chooses to ignore its dictates, instead urging this Court to condone what amounts to inept work by prosecutors. The majority relies heavily on the dissent in Peterson v. State, 671 So.2d 647, 653 (Miss.1996), to support its position that a looser standard should be used when reviewing sufficiency of indictments, namely Rule 7.06. However, this Court should not be in the habit of relying upon dissents, however fervent they may be, to bolster a position that may have no other legal support. Furthermore, the majority also appeals to our conscience by urging that a reversal would create a miscarriage of justice and raise doubts about the judicial system in the minds of the citizens over what it deems a "technicality." More doubts would be raised about the judicial system if courts regularly disregarded the law in order to garner public affection. While oft heard the cry of politicians and the general public for judges who follow the law, instead of those who create their own version of the law, and otherwise labeling those who do not follow the law as "activist" judges, though not armed with any statistics on the matter, I rather suspect they really mean just the opposite.
¶ 28. Our legislature and supreme court create laws in Mississippi. We, as an intermediate appellate court, follow those laws. Until the legislature or the supreme court rules differently, we must follow Hawthorne, like it or not. It is not our prerogative to do otherwise. Therefore, I dissent.
KING, C.J., joins this opinion.
IRVING, J., dissenting:
¶ 29. I cannot agree with the majority that counts two and three of the indictment were sufficient to charge Caston with aggravated assault, and I agree with Judge Lee that the majority's decision is diametrical to our holding in Hawthorne v. State, 751 So.2d 1090 (Miss.Ct.App.1999). *864 But more importantly, today's decision conflicts with the pronouncement of our supreme court in Peterson v. State, 671 So.2d 647 (Miss.1996) that the indictment must state the essential elements of the crime.[4] Therefore, I dissent. However, I write separately rather than join Judge Lee's dissent, because I cannot assert as he did that had I participated in Hawthorne, I would have joined the dissent. In my judgment, joining the dissent in Hawthorne is the equivalent of joining the majority here. In both instances Mississippi Supreme Court precedent is not followed, as we are duty bound to do. I also write because I think it is important to address a matter that is not discussed in either the majority opinion, concurring opinion, or the dissent: the fact that the omission of the word "serious" in the indictment transforms the charge from aggravated assault to simple assault. I discuss these matters in turn, beginning first with the Peterson precedent.
¶ 30. Peterson makes clear that Rule 7.06 of the Uniform Rules of Circuit and County Court, formerly Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice, does not supplant the body of case law which existed prior to its promulgation: "Rule 2.05 cannot be considered apart from the fundamental principle preceding it, that the essential elements of the offense must be alleged in order for an indictment to be sufficient." Peterson, 671 So.2d at 655.
¶ 31. At another point in Peterson, the court said:
"This Court adopted the Uniform Criminal Rules of Circuit Court Practice (hereinafter `the Uniform Criminal Rules') in 1979. A relevant inquiry exists as to whether the adoption of the Uniform Criminal Rules has in any way attenuated the requirements for the sufficiency of an indictment. We hold that it has not."
Id. at 653.
The court then quoted rule 2.05 which is identical to Rule 7.06 of the Uniform Rules of Circuit and County Court. In discussing the requirement of the rule that the indictment provide "a plain, concise and definite written statement of the essential facts constituting the offense," the court noted that "lack of consent," which is an element of the crime of sexual battery, is also "an essential fact necessary to constitute the crime of sexual battery." Id. at 655. It seems to me that equating an "essential element of a crime" with "an essential fact necessary to constitute the crime" compels the conclusion that an indictment cannot state sufficient facts to constitute a crime without, at the same time, stating all of the essential elements of the crime.
¶ 32. Peterson also contains this pertinent illumination of the issue before us:
Subsequent to the adoption of the Uniform Criminal Rules, this Court has referenced Rule 2.05 in determining the sufficiency of indictments. See Holloman v. State, 656 So.2d 1134, 1139 (Miss.1995); Roberson v. State, 595 So.2d 1310, 1318 (Miss.1992); Armstead v. State of Mississippi, 503 So.2d 281, 283 (Miss.1987); Hines v. State, 472 So.2d at 390; Harden v. State of Mississippi, 465 So.2d 321, 324 (Miss.1985). Following these cases, the appropriate inquiry has not changed, rather it remains whether the indictment alleges the essential elements of the crime for which the defendant is charged by containing "a plain, concise and definite written statement of the essential facts constituting the offense charged and . . . *865 fully (notifying) the defendant of the nature and cause of the accusation against him." Hines v. State, 472 So.2d at 390 (quoting Unif.Crim. R. Cir. Ct. Prac. 2.05) (Emphasis added).
Peterson, 671 So.2d at 654 (first emphasis added).
¶ 33. A careful review of counts one and two of the indictment reveals the absence of any language remotely informing Caston that he caused serious bodily injury to his victims. The gravamen of counts one and two of the indictment is that Caston "wilfully, unlawfully and recklessly under circumstances manifesting extreme indifference to the value of human life, cause[d] bodily injury to" an individual. Caston was indicted under Mississippi Code Annotated section 97-3-7(2)(a) which provides that "[a] person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." With the omission of the word "serious," the indictment cannot, and does not, describe any crime greater than simple assault. Mississippi Code Annotated section 97-3-7(1)(a) provides that "[a] person is guilty of simple assault if he attempts to cause or purposely, knowingly or recklessly causes bodily injury to another. . . ." It does not matter that Caston caused the injury while driving an automobile while under the influence of a drug or controlled substance. That does not necessarily make the injury serious. There have been many automobile accidents in which the occupants have been injured only slightly, and in some instances, not at all.
¶ 34. The majority finds that the title of the indictment: "Indictment for the offense of Vehicular Homicide and Aggravated Assault (Two Counts)," "provided Caston with reasonable notice of the charges he was facing." I find this conclusion interesting inasmuch as Rule 7.06, upon which the majority also relies to find that the indictment was sufficient, prescribes what must be in the body, not the title, of an indictment. If the body of the indictment had described a serious bodily injury to the victims without actually employing the word "serious," then perhaps the title of the indictment, coupled with the reference to the code section under which Caston was indicted, would have been sufficient. See Peterson, 671 So.2d at 654 (construing Hines v. State, 472 So.2d 386 (Miss.1985)). However, this is not the case. The indictment does not describe the nature or the extent of the injury in any respect. The indictment as written did not inform Caston as to whether he was to defend against a slight scratch to the victim's finger or a more serious life-threatening injury. Clearly this failure to describe the injury could affect how he might defend against the charge. For example, if the injury was a slight scratch on the finger, no expert would have been needed to prove that the injury was not serious, and therefore insufficient to support the charge of aggravated assault. On the other hand, if the indictment had charged a laceration to the forehead or puncture wounds to the body, Caston may have chosen to hire an expert to try and prove that the wounds, while appearing to be serious, in fact were not.
¶ 35. In conclusion, since Peterson has not been overruled by our supreme court, we are duty bound to follow it. Peterson clearly holds that an indictment must state the essential elements of the crime. Therefore, the phrase "serious bodily injury" is required to be in Caston's indictment to make the charge of aggravated assault. "Serious" is more than a technical word, because without it the charge is nothing more than simple assault. I would *866 reverse and remand Caston's conviction in counts two and three. I do not think it matters that Caston pleaded guilty to these two counts. He did not waive his right to challenge his conviction, because "[a] plea of guilty does not waive (1) the failure of an indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction." Kincaid v. State, 711 So.2d 873, 877 (¶ 20) (Miss.1998) (quoting Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989)).
NOTES
[1] "A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly, or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c)attempts by physical menace to put another in fear of imminent serious bodily harm. . . ."
[2] "A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. . . ."
[3] While the record shows that Caston designated a copy of the plea colloquy as part of the record on this appeal, such was not provided to this Court.
[4] This principle was affirmed in Hennington v. State, 702 So.2d 403, 407 (¶ 14) (Miss.1997).