CARLTON, J.,
for the Court:
¶ 1. Corian Byers appeals the Warren County Circuit Court’s order dismissing his motion for post-conviction relief (PCR). Byers raises the following assignments of error: (1) whether the indictment was defective; (2) whether his trial counsel rendered ineffective assistance; (3) whether he entered an intelligent and voluntary guilty plea; and (4) whether he was entitled to an evidentiary hearing. Finding no error, we affirm.
FACTS
¶ 2. On May 10, 2007, a grand jury before the Warren County Circuit Court indicted Byers for drive-by shooting under Mississippi Code Annotated section 97-3-109(1) (Rev.2006). Byers’s indictment stated, in part, as follows:
INDICTMENT

DRIVE[-JBY SHOOTING

The Grand Jurors of the State of Mississippi, elected, summoned, empaneled, sworn and charged to inquire in and for Warren County, State of Mississippi, at the term aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present that Corian Dandre Byers and Rico Larence Thomas on or about February 10, 2007, in the County aforesaid, and within the jurisdiction of this Court did attempt, other than for lawful self[-] defense, to cause bodily injury to another, or caused such injury purposely, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle in violation of [section] 97-3-109(1), contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
On June 4, 2010, Byers pled guilty to the charge.[1] The trial court sentenced Byers to ten years in the custody of the Mississippi Department of Corrections (MDOC), with two years suspended, followed by five years of post-release supervision.
¶3. Byers thereafter filed a PCR motion, which the trial court dismissed. Byers now appeals, asserting the following: that his indictment was defective due to insufficient notice of the charge against him; that his counsel at trial rendered ineffective assistance of counsel by failing to object and by allowing him to plead guilty to a defective indictment; and that his plea was unknowing and involuntary based on similar grounds.
STANDARD OF REVIEW
¶ 4. “When reviewing a circuit court’s denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are ‘clearly erroneous’; however, we review the circuit court’s legal conclusions under a *1074 de novo standard of review.” Boyd v. State, 65 So.3d 858, 860 (¶ 10) (Miss.Ct.App.2011).
DISCUSSION
¶ 5. Byers argues that his indictment for drive-by shooting was fatally defective because it did not contain the word “serious” before the words “bodily injury.” Since “serious bodily injury” is included in the elements of drive-by shooting, Byers claims that the indictment, as worded, failed to provide sufficient notice to allow him to defend against the charge. “The supreme court [has] stated that ‘Rule 7.06 of the Mississippi Uniform Rules of Circuit and County Court ... provides what is required to be provided in an indictment.’ ” Gordon v. State, 977 So.2d 420, 429 (¶ 27) (Miss.Ct.App.2008) (quoting Spears v. State, 942 So.2d 772, 774 (¶ 6) (Miss.2006)); see also Caston v. State, 949 So.2d 852, 858 (¶ 14) (Miss.Ct.App.2007) (finding that an indictment that complied with Rule 7.06 and gave the defendant notice of the charges against him was legally sufficient).
¶ 6. “Additionally, the inclusion of the specific subsection of the statute under which the defendant was charged has been held to provide actual notice of the crime charged.” Gordon, 977 So.2d at 429 (¶ 27) (citing Caston, 949 So.2d at 858 (¶ 13)). Significant to the resolution of this issue raised in this appeal, the indictment in its text sets forth the Mississippi Code section charged in citing to Mississippi Code Annotated section 97-3-109(1),[2] the applicable statute for drive-by shooting. By setting forth the statutory section charged, the indictment gives Byers sufficient notice, meeting the requirements of Rule 7.06 and due process. See, e.g., Gordon, 977 So.2d at 429 (¶ 27). As such, we find Byers’s indictment to be legally sufficient. This issue is without merit.
¶ 7. Byers also argues that his trial counsel rendered ineffective assistance, but his ineffective-assistance-of-counsel claim rests upon his claim of a defective indictment. Byers claims that his counsel rendered ineffective assistance by failing to object to the indictment and allowing him to plead guilty to the allegedly defective indictment for drive-by shooting. Byers also faults his counsel for not being more diligent on his behalf.
¶ 8. In order to succeed on an ineffective-assistance-of-counsel claim, Byers must prove that his counsel rendered ineffective performance, which prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record shows that Byers indicated his satisfaction with the advice and services provided by his trial counsel. When asked whether his trial counsel properly represented him in his case, Byers responded affirmatively. Byers also admitted under oath he was guilty of the crime to which he pled guilty. Furthermore, since we have already determined that Byers’s indictment provided him with sufficient notice under Rule 7.06 by setting forth the Mississippi Code section for the offense charged, we find that Byers failed to meet even the first prong of Strickland. Byers assertion of ineffective assistance of counsel lacks merit.
¶ 9. Byers next argues that he entered an involuntary and unintelligent guilty plea. When determining whether a *1075 plea is freely and voluntarily entered, this Court considers if “the defendant knows what the elements are of the charge against him[,] including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea.” Kelley v. State, 913 So.2d 379, 382 (¶ 5) (Miss.Ct.App.2005). “Specifically, the defendant must be told that a guilty' plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Id. (quotation marks omitted). The plea colloquy shows that the trial court fully questioned Byers on his understanding of the offense charged and its elements, and his knowledge of the consequences of the guilty plea. Byers indicated his knowledge of the charge, the maximum sentences available, and what rights he waived by entering his guilty plea. Byers also admitted under oath that he was not threatened, coerced, or promised anything to plead guilty. We find no merit to this issue.
¶ 10. Mississippi Code Annotated section 99-39-11(2) (Supp.2012) provides that a trial court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any reliefi.]” The trial court’s dismissal of Byers’s PCR motion is consistent with the evidence presented in the record. Thus, we affirm the circuit court’s judgment.
¶11. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Byers also pled guilty in a different cause number to uttering a forgery. For this conviction, the trial court sentenced Byers to two years in the custody of the MDOC and ordered him to pay restitution to the victim of the crime. The trial court ordered this sentence to run concurrently with Byers's sentence for his conviction of drive-by shooting.

. Section 97-3-109(1) provides that:
[a] person is guilty of a drive-by shooting if he attempts, other than for lawful self-defense, to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle.